**PICKENS, Jr., Plaintiff-Appellant, v. SWAN, Defendant-Appellee.**

Ohio Appeals, Second District, Madison County.

No. 237.   Decided November 27, 1957.

42

Buchanan, Peltier & Fuller, Otis C. Buchanan, of Counsel, for plaintiff-appellant.

Richmond & Richmond, Charles D. Richmond, of Counsel, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment in behalf of defendant entered on a directed verdict of a jury at the conclusion of plaintiff's case in-chief.

The action instituted by the father and next friend of Darryl Pickens, a minor, and on his behalf was for damages for personal injuries suffered by the minor by reason of his being struck by an automobile driven by defendant.

The minor, a boy of the age of 8 years at the time of the trial and about the age of 7 at the time of the occurrence set out in the petition, was offered as a witness and the Trial Judge upon preliminary interrogation permitted him to be sworn and to testify. Thereafter, and when the boy had been permitted to testify in narrative form all of his testimony was stricken for the reason that he was an incompetent witness under the statute. **Sec. 2317.01 R. C.**

The father of the boy took the stand and was interrogated as to statements relative to the accident made to him by his son approximately an hour after it occurred and after he had been examined and treated by a doctor and had returned to his home. Upon objection, the trial judge refused to receive this testimony.

After the plaintiff had called and examined the defendant on cross-examination, he sought to recall him and interrogate him further. Upon objection, the Court refused this request.

A witness, Clark, for the plaintiff, was not permitted to point to a spot on Exhibit A, a photograph offered by plaintiff.

These rulings, together with the overruling of plaintiff's motion for a directed verdict and for a new trial constitute the assignments of error.

The specifications of negligence against defendant are that the defendant, driving his automobile northerly on the east side of Main Street in London, a short distance north of the New York Central Railroad tracks, struck the plaintiff and was negligent in so doing in failing to observe the child or to grant to him the right of way as a pedestrian.

It is basic that a plaintiff must recover, if at all, upon the strength

of his own proof. Where negligence is charged, it must be proven. Here, before the defendant could be held to be negligent, the evidence must have tended to show that he was at fault in some particular alleged; that his automobile was in such a position and location in the street before coming in contact with the minor as to charge the defendant with the obligation to see him. If full effect is given to all of the testimony including that of the minor, and his father, it does not appear that at any time he was in front of defendant's automobile. The point of impact between the boy and the automobile was at the rear right hub-cap. To permit an assumption that the defendant saw the plaintiff before the impact is not permissible from any of the evidence. The plaintiff says in his first statement that he ran out between two parked cars, and as he did not see defendant's automobile, he does not place himself in front of it. This accident was unfortunate but it would be pure conjecture to draw the conclusion that the boy at any time was in such a place in the street as to enable the defendant to see him before the impact.

If the errors assigned as to the competency of the plaintiff as a witness, the admission respecting the photograph and the testimony of the father of plaintiff were all resolved in favor of the plaintiff's claim, they could not have supported his right of recovery. We will however, briefly consider the errors assigned.

If we had the decision to make from a reading of the record, we would admit the testimony of the minor. But, it is not within our province to make original determination of his competency as a witness and there were aspects incident to his competency which were open to the observation of the trial judge which are denied to us. There is uniformity in the authorities that the decision whether or not a child, who comes within the age set out in the statute, is competent to testify, is almost exclusively within the discretion of the trial judge. **42 O. Jur. 120, paragraph 110** and cases there cited. We cannot say that the Court abused his discretion in striking the testimony.

Upon the assignment directed to the refusal to allow the witness, Clark, to point to a spot in Exhibit A which was a photograph produced by plaintiff, we note no objection or exception interposed to the ruling of the Court by counsel for plaintiff.

Upon the assignment directed to the failure to permit the father to testify, it is evident that the trial judge was correct in his ruling. The testimony which was sought to be elicited from the father was nothing more than a recitation by him of the narration by the son of a past event. It lacked the spontaneity incident to and resulting from the occurrence when the boy and the automobile came in contact. **Stough v. Industrial Commission, 142 Oh St 446; Lyle, a minor v. Olentangy Corporation, 80 Oh Ap 351; State Automobile Mutual Insurance Company v. Kaffenberger, 84 Oh Ap 304.**

No error assigned is established to the prejudice of appellant. The judgment will be affirmed.

WISEMAN and CRAWFORD, JJ, concur.